COVINGTON, Judge.
This case arose out of an industrial accident on July 8, 1976, in which plaintiff, Melvin Williams, sustained severe burns while in the course and scope of his employment with Homco International, Inc. at its plant in Houma, Terrebonne Parish, Louisiana. Suit was brought on October 26,1976, against his employer, Homco; the general supervisor of operations, William E. Alford; the plant operations manager, James Ott; and their insurer, Continental Casualty Company. The suit against Alford and Ott was an “executive officer” claim, based on the failure to provide the employee with a safe place to work.[1] Homco and Alford were subsequently dismissed, leaving Ott, *183 as “executive officer”, and Continental, as his insurer. From a judgment in favor of the defendants, Ott and Continental, dismissing Williams’ suit, the plaintiff has appealed. We affirm.
An employer has a legal duty to provide its employees with safe working conditions. Simmons v. Travelers Insurance Company, 295 So.2d 550 (La.App. 3 Cir. 1974), writ denied 299 So.2d 795, 796 (La.1974); Simon v. Black Lake Lumber Company, 127 La. 1071, 54 So. 354 (1911). This duty may be delegated by the employer to supervising personnel or executive officers. See Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4 Cir. 1970).
The rules pertaining to executive officer liability were set out in Canter v. Koehring Company, 283 So.2d 716 (La.1973), as follows:
“1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
“2. This duty is delegated by the principal or employer to the defendant.
“3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances — whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
“4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the' injured plaintiff, breach of which specifically has caused the plaintiff’s damages. If the defendant’s general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.” 283 So.2d at 721.
The record discloses that Horneo operated a pipecoating plant which employed about 20 employees, including defendant Ott and plaintiff Williams. Ott was initially employed as plant engineer and later became operations manager (which position he held at the time of the accident). Williams had worked at the plant for about four months when he left for other employment in the City of Houma; then he returned to work for Homco. He had worked about eight days as operator of a pipecoating oven when the accident occurred. Williams’ immediate supervisor was the pipecoating foreman, Ernest Antoine, who trained Williams in the job he was doing at the time of the injury. The pipecoating operation consisted of the spraying of electrically-charged powder on a heated pipe (as it moved through a semi-enclosed bin), a heating oven to heat the pipe to make the powder adhere to it, a cooling procedure, and an exit for the coated pipe.
The accident which caused the plaintiff’s injuries happened as Williams was performing part of the pipecoating operation: just as he stuck a 3-foot long metal pipe, which was an extension of an air pressure hose, into the spray bin through which pipe was moving and was being spray-painted elec- *184 trostatically, there was an explosion and fire which resulted in the injuries to the plaintiff.
We have carefully read the record, and find that the “Reasons for Judgment” rendered by the trial judge correctly decide the issues presented in the case at bar, as follows (in part):
“This court had an opportunity to evaluate the testimony of each of the witnesses and the court is of the opinion, considering credibility judgments of each witness, that the following facts have been proven:
“On July 8,1976, an explosion occurred in the Homco Plant. Before and at the time of the explosion, Ott was the supervisor of the Homco Pipe Coating Plant. Ott had delegated to Martin and Antoine the duty to maintain the plant and train personnel in the use of the equipment within the plant. Clifford Martin was on vacation at the time of the accident and Ernest Antoine replaced him in his duties. “Plaintiff, Melvin Williams, was operating a powder bin in the plant. Unknown to Martin or to Ott, a certain procedure was used by Williams and Antoine to keep the powder used in the coating cabinet from accumulating in the cabinet. This procedure was testified to be the use of an air pressure hose to blow excessive powder away during the operation of the plant.
“This court is then of the opinion that the explosion was caused by the insertion of the air hose into the powder bin while the plant was in operation and this was done without the knowledge and consent of Ott. Ott had delegated to Martin and Antoine, both competent men and knowledgeable in plant operation and maintenance, the duty to maintain and instruct personnel in plant operation. Ott owed no further duty to Williams beyond this. Since Ott violated no duty owed to Williams, this court concludes that James Ott is not liable in damages.”
This case turns on the Canter principle that there is no liability on the executive officer who made, with due care, a delegation of his general responsibility for safety to a responsible subordinate. Downey v. Callery, 338 So.2d 937 (La.App. 4 Cir. 1976), writs refused, 340 So.2d 1389, 1390 (La. 1977).
The trial court determined that Ott was not liable as an executive officer of Homco, in that he had delegated his responsibilities with due care to a qualified and responsible subordinate. Our careful examination of the record in this case does not disclose manifest error in this conclusion of the trial court. Canter v. Koehring Company, supra. Accordingly, we affirm the judgment in favor of the defendants-appellees at the plaintiff-appellant’s costs.
AFFIRMED.

. Williams alleged that James Ott owed him a personal duty to provide machinery and equipment fit for the purpose intended, i. e., pipe coating, and also to provide proper ventilation and fire control.